**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARDEN CONCEPTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MID WILSHIRE CONSULTING, INC. d/b/a/ ) <br> SOCIAL WELLNESS, SOCIAL WELLNESS ) <br> GROUP, and SOCIAL WELLNESS ) <br> FOUNDATION and BRIAN KANG, an individual, ) <br> ) <br> Defendants. ) | Civil Action No. _____ <br><br> Hon. _____ |

## **COMPLAINT**

Plaintiff Darden Concepts, Inc. ("Darden") for its Complaint against Defendants Mid Wilshire Consulting, Inc. and Brian J. Kang, all doing business as Social Wellness, Social Wellness Group and/or Social Wellness Foundation ("Defendants" or "Social Wellness"), alleges as follows:

### **Introduction**

1. This is an action for federal trademark infringement, federal unfair competition, and federal trademark dilution in violation of the federal Lanham Act, 15 U.S.C. §1051, *et seq.* and state unfair competition in violation of the Illinois Unfair Trade Practices Act, 815 ILCS 510, *et seq.* against Defendants for their commercial use and exploitation of Darden's federally registered OLIVE GARDEN family of marks ("the 'OLIVE GARDEN Marks'") in connection with Social Wellness' offer and provision of goods and/or services.

2. Darden hereby seeks (1) injunctive relief against Social Wellness' continued and unauthorized and improper commercial use and exploitation of any trademark confusingly similar to any of the OLIVE GARDEN Marks; and (2) all damages arising from Defendants'

past and present infringement, including all statutory damages, and Darden's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## Parties

3. Plaintiff Darden is a Florida corporation with its principal place of business in Orange County, Florida.

4. On information and belief, Defendant Brian J. Kang is an individual having residence at 1360 Ferrel Court, San Jose, California 95132.

5. Defendant Mid Wilshire Consulting is a California Corporation with its principal place of business in Los Angeles County, California.

6. Defendant Brian J. Kang is the registered agent for service of process for Mid Wilshire Consulting, Inc. in California and a principal of Mid Wilshire.

7. Both Defendants are doing business as Social Wellness, Social Wellness Group, and/or Social Wellness Foundation.

## Jurisdiction and Venue

8. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, unfair competition, and dilution claims, which arise under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.*

9. This Court has supplemental jurisdiction over the claims under Illinois state law as those claims are substantially related to the claims over which the Court has original jurisdiction pursuant to 28 U.S.C. §§1138(b) and 1367.

10. This Court has jurisdiction over Social Wellness because it does business in Illinois by offering to host wellness seminars in this judicial district.

11. Further, Social Wellness has committed acts complained of herein in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

**Facts**

**A.    The OLIVE GARDEN Marks and Olive Garden Restaurants**

13. Darden has used, and continues to use, the OLIVE GARDEN Marks in connection with its Italian restaurants, restaurant services, and food products, among other things.

14. Darden's use of the OLIVE GARDEN Marks dates back to 1982 and has expanded to over 800 Olive Garden restaurants.

15. The OLIVE GARDEN Marks include U.S. trademark Registration Nos. 1,274,677, 1,427,968, 1,589,182, 1,815,055, 2,393,731, 2,396,048, 2,582,235, 2,582,236, and 4,759,063 each owned by Darden. Copies of each of these registration certificates are provided in Exhibit A.

16. Reproduced below are copies of Darden's well known OLIVE GARDEN designs, as provided in U.S. Reg. Nos. 2,393,731 and 4,759,063 respectively:



17. The OLIVE GARDEN Marks are famous trademarks.

18. Darden's Registration Nos. 1,274,677, 1,427,968, 1,589,182, 1,815,055, 2,393,731, 2,396,048, 2,582,235 and 2,582,236 are now incontestable under Section 15 of the United States Trademark Act (15 U.S.C. § 1065), providing Darden with the conclusive and exclusive right to use the OLIVE GARDEN Marks in connection with the listed products and services throughout the United States, including within this judicial district.

19. Darden continues to use the OLIVE GARDEN Marks 's restaurants have sold continue to sell Italian food and provide restaurant and catering services under the.

**B.     Defendants' Wellness Seminars**

20. Social Wellness purports to be an event coordinating company that offers services and programs related to wellness in the workplace.

21. Social Wellness markets itself and generates leads for its clients by hosting events, such as "Lunch n' Learns" and the like. During these events, Social Wellness introduces itself and its clients (doctors or other healthcare professionals) to patients or customers.

22. Social Wellness operates an interactive website at www.socialwellnesstalks.com, which is publically accessible to residents in Illinois.

23. Social Wellness describes its services as "work[ing] with companies to provide health and wellness programs designed to inform, motivate, and maximize employee performance" including planning and organizing "lunch workshops, employee appreciation days, health screenings, and health fairs to develop a culture of wellness in the workplace." A screenshot of the "About Us" page of Social Wellness' website is provided as Exhibit B.

**C.     Social Wellness Infringes the OLIVE GARDEN Marks**

24. Social Wellness has used, and continues to use the OLIVE GARDEN Marks without authorization.

25. For example, Exhibit C is a facsimile dated October 31, 2014 from Social Wellness to third party Helping Hand Caregivers, Ltd. ("Helping Hand") -- located in Lake County, Illinois -- which falsely states that "Social Wellness has teamed up with Olive Garden to help jump start your employees towards a healthier lifestyle."

26. This facsimile included an unauthorized reproduction of Darden's registered OLIVE GARDEN design with an olive branch in the upper right corner. A comparison of

Darden's federally registered OLIVE GARDEN design (Reg. No. 2,582,236) and the design reproduced in Social Wellness' fax (attached as Exhibit C) is provided below:




27. Social Wellness' unauthorized fax resulted in Helping Hand initiating a "junk fax" lawsuit against Olive Garden under the federal Telephone Consumer Protection Act. Helping Hand was confused into believing Olive Garden had involvement in the October 31, 2014 fax when it did not.

28. On January 7, 2015, Darden's counsel sent a letter to Social Wellness notifying Social Wellness of Darden's ownership of the OLIVE GARDEN Marks and demanding that it cease and desist its unlawful acts. A copy of the January 7, 2015 letter is provided as Exhibit D.

29. Defendant Brian Kang responded to Darden's counsel by email on February 24, 2015, acknowledging that Social Wellness sent the fax to Helping Hand and that Olive Garden was not involved. A copy of the email send from Mr. Kang to Darden's counsel is provided as Exhibit E.

30. Despite receiving written notice of Darden's rights to the OLIVE GARDEN Marks, Social Wellness continued its illegal and unauthorized OLIVE GARDEN marketing campaign.

20197551v.6

31. For example, on or around May 6, 2015, Social Wellness sent a facsimile to Colorado based company, third party Biblica, Inc. ("Biblica"), falsely representing that Olive Garden teamed up with Social Wellness to offer a free lunch and educational seminar.

32. The May 6, 2015 facsimile caused Biblica to email Darden to ask about the campaign, which Biblica believed Olive Garden was co-sponsoring:

> We received a fax stating that Olive Garden restaurants have teamed up with Social Wellness Foundation to offer a free lunch to employees if we will listen to a 30-45 minute educational presentation. We will be launching our wellness program and welcome any resources that offer benefits to our employees.
>
> If this program is not legitimate, please let me know if Olive Garden offers any others.

A copy of the email Darden received from Biblica, Inc. on or around May 6, 2015 is provided as Exhibit F.

33. On or around May 7, 2015, Social Wellness sent a facsimile to a Philadelphia based company, third party Milligan & Company LLC ("Milligan"), falsely identifying "Olive Garden" as the sender. The facsimile to Milligan stated:

> Olive Garden restaurants have teamed up with Social Wellness Foundation to start a community outreach program as part of our local "Eat Well Work Well" goodwill campaign. Olive Garden will provide your staff with a Free Healthy Lunch Catered directly to your office. Lunch will include a fresh garden salad, warm bread sticks, and our famous soup of the day.

A copy of this facsimile is provided as Exhibit G.

34. This facsimile included an unauthorized reproduction of Darden's registered OLIVE GARDEN design with a grape vine in the upper right corner. A comparison of Darden's federally registered OLIVE GARDEN design (Reg. No. 2,393,731) and the design reproduced in Social Wellness' fax (attached as Exhibit G) is provided below:

6

Darden's Federally Registered Mark 

Unauthorized Mark in Defendants Fax 

35. The facsimile caused Milligan to email Darden to ask about the campaign, which Milligan believed Olive Garden was co-sponsoring:

> Yesterday Milligan & Company employees received a fax from the, "Social Wellness Foundation" which mentions Olive Garden. The fax states, "Olive Garden restaurants have teamed up with Social Wellness Foundation to start a community outreach program…". "Teamed up" in my mind means an official business partnership between Olive Garden and this Social Wellness Foundation.
>
> I browsed on the Olive Garden website; but, I see no mention of the Social Wellness Foundation. Likewise on the Social Wellness website I see no mention of Olive Garden. Would you happen to know if this is a reputable organization? The fax states Olive Garden is offering us a "free" lunch. Website searches for Social Wellness Foundation only resulted in a website with no outside reviews on the organization.

A copy of the email Darden received from Milligan & Company, LLC on or around May 8, 2015 is provided as Exhibit H.

36. To this day, despite a demand to cease and desist its activates, Social Wellness continues to use the OLIVE GARDEN Marks to advertise, market and sell its services.

37. For example, Social Wellness' website prominently uses the OLIVE GARDEN Marks and states (incorrectly) that "Social Wellness has teamed up with Olive Garden to help jump start your employees towards a healthier lifestyle" -- thus falsely claiming sponsorship by and affiliation with Darden's Olive Garden restaurants. A screenshot captured on June 23, 2015 from Social Wellness' website is provided as Exhibit I and reproduced in relevant part below:

7



38. Social Wellness' website also invites potential customers to "[s]ign up for a FREE company catered lunch from Olive Garden!" -- again falsely claiming sponsorship by and affiliation with Darden's Olive Garden restaurants. A screen shot captured on June 23, 2015 from Social Wellness' website is provided as Exhibit J and reproduced in relevant part below:



39. Social Wellness placed unauthorized reproductions of Darden's registered OLIVE GARDEN olive branch design in each of the above referenced portions of its website. (See Ex. I, J, Ex. A at Reg. No. 4,759,063).

40. Darden has never approved or authorized Social Wellness to use the OLIVE GARDEN Marks.

41. Darden has never sponsored or endorsed any goods or services offered by Social Wellness.

## COUNT I
**Willful Trademark Infringement Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

42. Darden repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

43. The OLIVE GARDEN Marks and the goodwill of the businesses associated therewith in the United States are of great significant value, and are highly distinctive of Darden's goods and services.

44. Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Social Wellness' services, and are likely to deceive the public into believing that the services offered or sold by Defendants originate from, are associated with or are otherwise authorized by Darden, all to the damage and detriment, of Darden's reputation, goodwill and sales.

45. Defendants' unauthorized use of the OLIVE GARDEN Marks constitutes infringement of the federally-registered OLIVE GARDEN Marks, the full extent of which is presently unknown but is substantial.

46. These acts have caused damage to Darden and the substantial business and goodwill symbolized by the OLIVE GARDEN Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants had knowledge of the OLIVE GARDEN Marks, but still continued its infringement.

48. Defendants' infringement has been willful.

49. Defendants' actions described above, including the unauthorized use of the OLIVE GARDEN Marks in interstate commerce, have caused, and unless restrained will

continue to cause, great and irreparable injury to Darden, to the OLIVE GARDEN Marks, and to the business and goodwill represented thereby.

50. Darden has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition

51. Darden repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

52. This claim is against Defendants for unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendants' use of the OLIVE GARDEN Marks in connection with Defendants' services constitutes the use in commerce of a word, term, name, symbol, or device, which use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Defendants with Darden, or as to the origin, sponsorship, or approval of Defendants' services or Defendants' commercial activities by Darden, in violation of 15 U.S.C. § 1125(a)(1).

54. Defendants have used, and intend to continue using now and in the future, in commerce the OLIVE GARDEN Marks for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake or deception.

55. Defendants' use of the OLIVE GARDEN Marks for the offer and provision of goods and services has caused and will continue to cause confusion.

56. Darden has been and will continue to be damaged by the confusion, mistake, and deception caused by Defendants' unauthorized use of the OLIVE GARDEN Marks.

57. Darden has never consented to or authorized Defendants' use of the OLIVE GARDEN Marks.

58.     Defendants had knowledge of the OLIVE GARDEN Marks, but still continued its actions.

59.     Defendants' unfair competition has been willful.

60.     Defendants' unfair completion will persist unless enjoined by the Court.

61.     Darden has no adequate remedy at law.

## COUNT III
### Federal Trademark Dilution

62.     Darden repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

63.     As a result of the duration and extent of use of the OLIVE GARDEN Marks by Darden, the duration and extent of the advertising and publicity of the OLIVE GARDEN Marks, the geographical extent of the same, the superior quality of Darden's goods and services, and the degree of recognition of the OLIVE GARDEN Marks, the OLIVE GARDEN Marks have achieved an extensive degree of distinctiveness and are famous trademarks.

64.     The Olive Garden Marks have been famous at all relevant times.

65.     Defendants' use of the OLIVE GARDEN Marks is likely to and/or has diluted the distinctive quality of the OLIVE GARDEN Marks.

66.     Darden will suffer irreparable harm should Defendants' actions be allowed to continue to the great detriment of Darden's reputation and goodwill.

67.     Darden has no adequate remedy at law.

## COUNT IV
### Uniform Deceptive Trade Practices Act

68.     Darden repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

20197551v.6

69. Defendants' misuse of the OLIVE GARDEN Marks violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 10/2 *et seq.*

70. Defendants' website and facsimiles, which suggest Darden's sponsorship of the advertised seminars and use the OLIVE GARDEN Marks are false, deceptive and misleading to the reasonable consumer.

71. Upon information and belief, at all times relevant to this action, including when Defendants first adopted the OLIVE GARDEN Marks and commenced commercial use of the OLIVE GARDEN Marks on the aforementioned goods and/or services, Defendants knew of the valuable goodwill and reputation acquired by Darden in connection with the OLIVE GARDEN Marks. Defendants' conduct is therefore willful.

72. Darden is being irreparably and permanently damaged in its goodwill, business reputation by Defendants' false, misleading, and deceptive statements. Darden will continue to be irreparably harmed unless Defendants are enjoined from their wrongful conduct.

73. Darden is being irreparably injured by Defendants' continued acts and has no adequate remedy at law.

**PRAYERS FOR RELIEF**

WHEREFORE, Darden Concepts Inc. prays for judgment as follows:

1. An order immediately and permanently enjoining Defendants Brain J. Kang and Mid Wilshire Consulting, Inc., their officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them from:

   a. advertising, marketing, promoting, selling, or otherwise offering for sale any good of service that is confusingly similar to Darden's because they use the OLIVE GARDEN Marks, any derivation or colorable imitation thereof, or any mark confusingly similar;

    b. making or employing any other commercial use of the OLIVE GARDEN Marks, any derivation or colorable imitation thereof, or any mark confusingly similar;

    c. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' services or activities are in any way sponsored, licensed, or authorized by or affiliated or connected with Darden;

    d. doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Darden or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Darden;

    e. otherwise competing unfairly with Darden in any manner; and

    f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (e), or effecting any assignment or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e);

2.     Direct Defendants Brian J. Kang and Mid Wilshire Consulting, Inc. to account to Darden Concepts Inc. for Defendants' profits and order that the Darden's recover its damages arising out of the acts of deception and infringement described above, a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. ¶ 1117(a) and (b);

3.     Award Darden statutory damages;

20197551v.6

4. Award Darden punitive damages on account of Defendants' gross, wanton, willful and malicious conduct;

5. Award Darden damages to compensate for costs, fees and other damages relating to Helping Hand's Federal Lawsuit.

6. Award Darden reasonable attorneys' fees along with costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3.

7. Direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, brochures, business cards, signs, prints, packages, advertising matter, promotional, and other materials in the possession or control of Defendants bearing the OLIVE GARDEN Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the OLIVE GARDEN Marks, in accordance with 15 U.S.C. § 1118;

8. Direct Defendants to supply Darden with a complete list of entities from who they have conducted business with or sent a facsimile to using the OLIVE GARDEN Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the OLIVE GARDEN Marks**;**

9. Direct Defendants to file with the Court and serve on counsel for Darden within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action;

10. Award Darden such other and further relief as this Court deems just and proper.

**DATED: June 26, 2015**

                                                             DARDEN CONCEPTS, INC.

                                                             By: s/ Jason P. Stiehl
                                                                  One of Its Attorneys

Jason P. Stiehl, Bar No. 6276001
jstiehl@seyfarth.com
Matthew A. Werber Bar No. 6287658
mwerber@seyfarth.com
Kristine R. Argentine, Bar. No. 6302850
kargentine@seyfarth.com

SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000